

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1198-13

**AGHAEGBUNA ODELUGO, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### HARRIS COUNTY

**MEYERS, J., filed a dissenting opinion.**

### D I S S E N T I N G   O P I N I O N

I agree with the court of appeals that the trial court abused its discretion in denying Appellant's motion for new trial and, therefore, I respectfully dissent.

Appellant proved by a preponderance of the evidence that trial counsel had a conflict of interest and that it affected counsel's representation. The trial court had a right to disbelieve assertions in live testimony and affidavits only when supported by a reasonable view of the record. Here, the checks, the missing money, Appellant's testimony, and trial

counsel's invocation of his Fifth Amendment right, all made it unreasonable for the court to find that Appellant had not shown conflict of interest by a preponderance of the evidence and deny his motion for new trial. This was a unique situation that did not involve the typical balancing of the testimony of both parties. Appellant's trial counsel had every opportunity to contradict the allegations and he chose not to. As this was not the conventional case, where the judge would weigh the evidence from each side, there was not much discretion available to him, and he should have granted a new trial. However, the judge was viewing the appellant as a convicted felon, who had paid no restitution, and Appellant's opportunity to demonstrate that he was telling the truth was hampered by his former lawyer's failure to cooperate. The judge could also have had reason to deny the motion for new trial simply because he had successfully disposed of a case with a plea agreement that otherwise would have required a lengthy trial.

I disagree with the majority's decision that the trial court did not abuse its discretion in denying Appellant's motion for new trial. Because I would affirm the ruling of the court of appeals, I respectfully dissent.

Meyers, J.

Filed: September 17, 2014

Publish